ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 2 5 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 1:03-CV-3362 -JEC |
| $52,784.65 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER XXX-XXX-0907, | : | |
| Defendant. | : | |

## ANSWER AND DEFENSES TO COMPLAINT FOR FORFEITURE

Comes now the Claimant, Shahrzad (Sherry) Moghangard, by and through undersigned counsel, and files this Answer and Defenses to the Complaint for Forfeiture (hereinafter "Complaint") as captioned above, verified on oath under penalty of perjury, and shows this Court the following:

### *FIRST DEFENSE*

The Complaint fails to state a claim upon which relief can be granted.

### *SECOND DEFENSE*

The Complaint fails to state a claim against Claimant's legal and equitable interest in the Defendant Property $52,784.65 seized from Bank of America Account Number XXX-XXX-0907.

### *THIRD DEFENSE*

This Complaint, on its face, fails to state probable cause for a legal Fourth Amendment to the United States Constitution seizure of the Defendant Property $52,784.65 seized from Bank of America Account Number XXX-XXX-0907.

### *FOURTH DEFENSE*

The Defendant Property $52,784.65 seized from Bank of America Account Number XXX-XXX-0907 was seized in violation of the provisions of the Eighth Amendment.

### *FIFTH DEFENSE*

Claimant has a legal interest in $52,784.65 seized from Bank of America Account Number XXX-XXX-0907, as contemplated by 18 USC§983(d).

### *SIXTH DEFENSE*

There is no factual or legal basis for the instant seizures because no contraband was found connecting or linking the Claimant to the Defendant Property $52,784.65 seized from Bank of America Account Number XXX-XXX-0907. Therefore, the property, which is the subject of the instant forfeiture, is unrelated to any alleged illegal activity.

### *SEVENTH DEFENSE*

Claimant had no basis to believe that any of the illegal activity alleged, would have occurred with the Defendant Property $52,784.65 seized from Bank of America Account Number XXX-XXX-0907.

### *EIGHTH DEFENSE*

Plaintiff is barred, in whole or in part, from relief since the Defendant Property $52,784.65 seized from Bank of America Account Number XXX-XXX-0907 was unrelated to any alleged conduct giving rise to forfeiture.

## *NINTH DEFENSE*

This forfeiture action, in whole or in part, is the fruit of and/or is unlawfully tainted by government misconduct in connection with the use of a grand jury for discovery concerning the pending prosecution in the criminal case, which is the predicate for this forfeiture action.

## *TENTH DEFENSE*

Subject to and without waiving the above and foregoing defenses, Claimant responds to the individually enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Claimant admits the allegations in paragraph 1 of Plaintiff's Complaint.

2.

Claimant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3.

Claimant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.

Claimant admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.

Claimant admits the allegations in paragraph 13 of Plaintiff's Complaint.

14.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.

Claimant admits the allegations in paragraph 16 of Plaintiff's Complaint.

17.

Claimant admits the allegations in paragraph 17 of Plaintiff's Complaint.

18.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.

Claimant admits the allegations in paragraph 19 of Plaintiff's Complaint.

20.

Claimant admits the allegations in paragraph 20 of Plaintiff's Complaint.

21.

Claimant admits the allegations in paragraph 21 of Plaintiff's Complaint.

22.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25.

Claimant admits the allegations in paragraph 25 of Plaintiff's Complaint.

26.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28.

Claimant states that she is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

**WHEREFORE,** Claimant prays as follows:

(a) that the Complaint for Forfeiture proceedings be stayed until the conclusion of the criminal case;

(b) that the Complaint for Forfeiture be dismissed as a matter of law, the forfeiture denied, the seized currencies claimed by Claimant be returned to Claimant, free of all liens and encumbrances;

(c) for a hearing to determine whether or not the seizure of the subject $52,784.65 seized from Bank of America Account Number XXX-XXX-0907 was lawful;

(d) that all costs, including attorneys' fees, be awarded to Claimant; and

(e)  that Claimant received such other relief as is just and proper under the circumstances.

This the 25th day of February, 2004.

Respectfully submitted,

By: /s/ Mark J. Kadish

Mark J. Kadish
Georgia Bar No. 405750

5525 Cross Gate Court
Atlanta, Georgia 30327
(404) 252-7799
(404) 252-3040 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 1:03-CV-3362 |
| $52,784.65 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER XXX-XXX-0907, | : |
| Defendant. | : |

## VERIFICATION

Before the undersigned officer, duly authorized by law to administer oaths personally came Shahrzad (Sherry) Moghangard who after first being duly sworn say that Claimant has fully reviewed this Answer and Defenses to Plaintiff's Complaint For Forfeiture, and that same is truthful and accurate in every respect.

_____
Shahrzad (Sherry) Moghangard

Sworn to and subscribed before me
this the 25 day of February, 2004.

_____
Notary Public
My Commission expires:_____

MELISSA KADISH
Notary Public, Fulton County, Georgia
My Commission Expires January 29, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing *"Answer And Defenses To Complaint For Forfeiture"* upon the following individuals by hand delivering a copy of same to:

>Jenny R. Turner
>Assistant U.S. Attorney
>600 U.S. Courthouse
>75 Spring Street, SW
>Atlanta, GA 30303

This 25th day of February, 2004.

Mark J. Kadish